## GEORGE C. KING *v.* HENRY SNOW ET AL.

### (No. 8,197.)

1. An undertaking in attachment is not the subject of an action in another court.
2. An undertaking to perform the judgment of the court in the action, has reference to the final order and direction of the court in that case, and does not necessarily intend payment or delivery directly to the plaintiff in attachment.

SPECIAL TERM.—On demurrer to petition. Suit on an undertaking in attachment. The petition alleges that the plaintiff brought his certain action in the common pleas court of this county, to recover from Samuel Proper $380;

that an attachment issued against Proper as a non-resident, under which certain chattel property in the hands of Henry Snow was attached; that thereupon the defendants, Snow and Burnet, executed to the plaintiff in attachment their bond, " that the property or its appraised value in money shall be forthcoming to answer the judgment of the court in the action," and the property was re-delivered to Snow; that the plaintiff at the November term, A. D., 1857, of the common pleas court, rendered a judgment against Proper for $386.96; that an execution issued against said Proper on said judgment, and that a demand was made upon said Snow and Burnet for the property so attached or its value in money, but that said property was not forthcoming, nor its value in money, according to the terms of said undertaking; that the execution so issued was returned with the indorsement that no property was found with which to satisfy the same; and the petition further alleges that there is no property within the reach of an execution from said common pleas court by which said judgment can be satisfied; and there is due to the plaintiff from the defendants, upon the undertaking in attachment, the amount of the judgment rendered against King.

The defendants demur to the jurisdiction of the court and also to the sufficiency of the petition.

*Chas. Loomis*, for plaintiff.

*Jacob Burnet*, for defendants.

GHOLSON, J.    This action was brought upon an undertaking given in a case in the court of common pleas under a proceeding in attachment.    The undertaking was one authorized by section 199 of the code.    The plaintiff in the common pleas has proceeded to judgment, has issued execution, has demanded the property mentioned in the undertaking, for the purpose of satisfying the execution.    It has not been delivered nor its value paid on the execution, and he now brings

an action on the undertaking in this court. Upon a demurrer the question arises whether it can be sustained.

It might be sufficient to dispose of this case to refer to a clause at the end of section 199, which shows that the undertaking is so subject to the control of the court in which it is taken, and that no other court can properly interfere. That clause clearly applies only to the court in which the action is brought. It falls, therefore, within the spirit of the decision made in general term as to suits on recognizance, the amount of which the courts of common pleas may remit.

It may, however, be observed, that other sections of the code show that by the "judgment in the action" is not intended a payment directly to the plaintiff but under the order and direction of the court. This undertaking is unlike that under section 212, where the "judgment of the court" means a satisfaction of the plaintiff's demand reduced to judgment. The undertaking under section 199 is to be construed by reference to sections 221 and 222. The property in the hands of a garnishee, like that in the hands of the sheriff is to be sold under an order of the court. An order, therefore, to the garnishee to deliver or pay, is the "judgment in the action," to which the undertaking has reference.

The demurrer must be sustained.